UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

    Plaintiff,

v.

SPECIAL AGENT DAN
BOWLING,
*et al.*,

    Defendants.

                                   /

Case No. 23-cv-11675
HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT</u>**

Jammie Collier commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Collier is a pretrial detainee in the custody of the Clare County Jail who has been granted *in forma pauperis* status. He is suing twelve defendants: a federal prosecutor, two county jails, two law enforcement agencies, and seven individual law enforcement and corrections officers. He charges defendants with malicious prosecution and unlawful imprisonment. He also alleges they violated his Fourth Amendment rights against unlawful searches and seizures and his First Amendment right of access to the courts and right to be free from retaliation.

For the following reasons, the lawsuit may proceed against Defendants Nokes. The claims against all other defendants are dismissed.

I. Background

Collier alleges Michigan State Police (MSP) Trooper Dennis McGuckin executed a traffic stop on him on May 5, 2023, on the orders of Alcohol, Tobacco, and Firearms (ATF) Special Agents Nathan Satura and Dan Bowling. (ECF No. 1, PageID.9). According to the complaint, MSP Trooper Aaron Locke observed an "unknown object" in plain view in the vehicle; on arrival, MSP Trooper Kenneth Monroe identified the object as a pistol grip. (*Id.*). Collier states that he was arrested and placed in handcuffs and that Monroe discovered a firearm under a black hoodie in the front seat. (*Id.*).

Collier reports that on June 29, 2023, Deputy Webster of the Clare County Jail threatened to send him to "the hole" after he requested a grievance form because he was denied notary services he needed to send a legal document to a court. (*Id.*). Webster and three other officers allegedly "threatened [him] with intimidation all for exercising [his] constitutional rights." (*Id.*). On July 8, he states that he was again denied notary services and a grievance form. (*Id.*, PageID.10). The next day, when he asked again, Collier says he was taken to the hole by Corporal Nokes. (*Id.*). Collier alleges the Clare County Jail denies federal detainees rights and privileges

2

extended to state inmates on the direction of the U.S. Marshals and that this affects the detainees' ability to prepare for trial. (*Id.*).

In addition to the individuals named above, Collier names as defendants Nancy Abraham, a federal prosecutor (against whom he seeks a *Bivens* action for malicious prosecution), the United States Marshal Service (unlawful detention), Clare County Jail (unlawful imprisonment, violation of First Amendment rights including access to the courts), Genesee County Jail (unlawful imprisonment), the Michigan State Police, a Corporal White of the Clare County Jail, and an unknown U.S. Marshal. (*Id.* at PageID.1-3, 5-7). Collier made no factual allegations against the last three defendants.

Collier asserts he was injured in the form of discomfort, his loss of time and deprivation from society, and loss of money from defendants impounding his car. (*Id.*, PageID.11). He is suing the defendants in their official and individual capacities. Collier seeks release from custody, dismissal of a pending criminal case, and both compensatory and punitive damages. (*Id.*).

II. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such

relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While such notice does not require detailed factual allegations, it does require more than bare legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a 42 U.S.C. § 1983 claim, the plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must also allege that the deprivation was intentional and not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). When defendants are federal officials, the counterpart to § 1983 is a claim under *Bivens v. Six Unknown Named Agents of*

4

*Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). That is, *Bivens* "held that when a federal agent acting under color of his authority violates the Constitution, the agent's victim may recover damages against the agent." *LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) (cleaned up). The Sixth Circuit notes that *Bivens* and § 1983 actions are reviewed "under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

III. <u>Analysis</u>

    *A. Defendants dismissed due to immunity*

Defendants Michigan State Police, the Genesee and Clare County Jails, Assistant U.S. Attorney Abraham, and the United States Marshal Service must be dismissed. Under various theories, all are immune from suit.

To begin, the Eleventh Amendment to the United States Constitution bars § 1983 actions against a state and its agencies and departments unless that state has waived immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to suit in § 1983 actions in federal court and Congress did not abrogate state sovereign immunity upon the passage of § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). It is well established that the Michigan

Department of State Police is entitled to Eleventh Amendment immunity as an agency of the State of Michigan. *Lavrack v. City of Oak Park*, 194 F.3d 1313, at *2 (6th Cir. Sept. 28, 1999) (Table) ("The district court properly dismissed [the plaintiff's] complaint against the Michigan State Police as this defendant is entitled to Eleventh Amendment immunity."); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (Edmunds, J.) (finding the Michigan Department of State Police is an arm of the State of Michigan entitled to Eleventh Amendment immunity).

Next, § 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails and the sheriff's departments that operate them are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (Roberts, J.).

Assistant U.S. Attorney Abraham will be dismissed because prosecutors enjoy absolute immunity for their actions as prosecutors. Collier asserts his complaint against Abraham is for "malicious prosecution." (ECF No. 1, PageID.7). But "[a]bsolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts

6

"intimately associated with the judicial phase of the criminal process," including "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Cooper*, 203 F.3d at 947 (absolute immunity applies when the prosecutors act "as advocates for the state"). This immunity extends to claims of malicious prosecution. *Buchanan v. Metz*, 6 F. Supp. 3d 730, 744 (E.D. Mich. 2014) (citing *Burns v. Reed*, 500 U.S. 478, 485 (1991)); *Buckley v. Fitzimmons*, 509 U.S. 259, 274 n. 5 (1993).

Finally, "the United States Marshals Service [is] an agency of the United States," and as such, suit against it "is barred by the doctrine of sovereign immunity." *Culliver v. Corr. Corp. Am.*, 211 F.3d 1268, at *2 (6th Cir. April 28, 2000) (Table).

### B. Failure to state a claim

Collier has failed to state a claim upon which relief may be granted against ATF Special Agents Bowling and Satura; MSP troopers McGuckin, Locke, and Monroe; and Clare County Jail Corporal White. All will be dismissed. In addition, while the Court has determined Defendants Abraham, U.S. Marshals, Michigan State Police, and the Genesee and Clare County Jails must be dismissed due to their immunity, Collier has failed to state a claim against them as well.

First, Collier's claims against the law enforcement officers (Michigan State Police or Alcohol, Tobacco, and Firearms) associated with the traffic stop and related search of his vehicle do not rise to unconstitutional conduct. That is, even

7

construing the factual allegations liberally and viewing them in a light most favorable to Collier, none of the actions he attributes to those defendants deprived him of a federal or constitutional right or privilege, as section 1983 and *Bivens* actions require. *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010); *Webb*, 789 F.3d at 659. Similarly, Collier's only allegation against the Michigan State Police is that it employed some of the defendants; this fact did not violate Collier's rights.

Next, Collier makes no allegation at all against Corporal White of the Clare County Jail. While a *pro se* litigant receives "indulgent treatment," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), courts are not obligated to "conjure up unplead allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("it is still necessary to include some well-pleaded factual allegations to support the claim.") (cleaned up).

Collier's allegations against other defendants previously found immune also fail to meet the pleading standards of *Twombly* and *Iqbal*. Plaintiffs are obligated to provide more than bare legal conclusions, *Twombly*, 550 U.S. at 555, but Collier's allegations against Abraham (malicious prosecution) and the Genesee County Jail (unlawful imprisonment) are no more than that.

Finally, Collier alleges the Clare County Jail and the U.S. Marshal Service interfered with his access to the courts. Under the First Amendment, prisoners have a constitutional right of access to the courts, which "prohibits prison officials from

erecting barriers that might impede the inmate's access to the courts." *Nguyen v. Floyd*, 618 F. Supp. 3d 629, 633 (E.D. Mich. 2022).

A viable claim for interference with access to the courts requires a plaintiff to demonstrate "actual injury," that is, that the interference hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996); *see also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ("a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a nonfrivolous, arguable claim.") (cleaned up).

Collier asserts that deputies at the Clare County Jail "have been diligent in their attempts" to prevent federal inmates from preparing for trial, purportedly at the direction of the Marshals. (ECF No. 1, PageID.10). Collier has failed to state a claim because he has provided no information about interference that caused him actual injury in his preparation for trial, or in any other aspect of a nonfrivolous legal action. Accordingly, he has failed to state a claim that he has been denied access to the courts.

C. *Retaliation claims against Nokes*

According to the complaint, after Collier sought notary services related to his court proceedings and after he requested a grievance form, Clare County Jail Corporal Nokes took Collier to segregation ("the hole"). (ECF No. 1, PageID.10).

9

Collier has sufficiently alleged this claim for the purposes of screening, and the case may proceed against Nokes.

That is, to establish a retaliation claim, a plaintiff must allege that: "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) . . . the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)).

Collier meets all three prongs. First, prisoners possess an "undisputed First Amendment right to file grievances against prison officials on [their] own behalf." *Lappin*, 630 F.3d at 472 (cleaned up). Second, being taken to administrative segregation, with its concomitant loss of privileges "satisfies the adverse-action element of a First Amendment retaliation claim" at this stage. *Id.* at 474. Finally, as to the causal connection, the complaint urges that Nokes took Collier to segregation immediately after he requested notary services and the grievance form. An inference of retaliatory motive may be drawn when there is "temporal proximity between protected conduct and retaliatory acts." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Collier has adequately alleged a retaliation claim against Nokes.

### D. Omission of Deputy Webster from complaint

A similar analysis would apply to Collier's claims against Clare County Jail Deputy Webster, who allegedly threatened Collier with segregation after he requested notary services and a grievance form, and verbally associated that action with Collier's First Amendment protected activity. (ECF No. 1, PageID.9). Webster also allegedly participated in further threatening and retaliatory behavior with three other jail deputies who Collier suggests he will name in an amended complaint after he identifies them. (*Id.*).

However, Collier did not include Webster in either the caption of his complaint or in the list of individual defendants in which he provides titles, agency affiliations, and the capacities in which he is suing them. (ECF No. 1, PageID.1-3, 5-6). While pleadings by *pro se* litigants are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up), those litigants must still abide by "basic pleading essentials," *Wells*, 891 F.2d at 594 (collecting cases). One such pleading essential is placing defendants on notice by naming them in both the caption and the body of the complaint. *Owens v. Duncan*, 798 F. App'x 9, 12 (7th Cir. 2020) (noting "[p]ro se litigants must name the defendants whom they intend to sue" and holding the district court permissibly dismissed an individual not named "in the caption or the list of the parties"); *cf. Burley v. Quiroga*, No. 16-cv-10712, 2019 WL 4316499, at *10-11, *19-21 (E.D. Mich. June 6, 2019), *report and recommendation adopted*

11

2019 WL 3334810 (E.D. Mich. July 25, 2019) (omitting a defendant from the caption and general defendant list, but naming him in a section of the complaint entitled "Personal Involvement of Defendants" sufficiently identified the individual as a defendant in the original complaint).

Collier's intent to include Webster is not clear from the complaint. He has stated his intent to amend the complaint to include additional unnamed officers involved in the retaliatory incident with Webster. If Collier wishes to proceed against Webster, he must file an amended complaint to include him as a defendant.

IV. <u>Conclusion and Order</u>

For the reasons stated above, IT IS ORDERED that the claims against the following defendants are dismissed:

- ATF Agent Dan Bowling
- ATF Agent Nathan Satura
- MSP Trooper Kenneth Monroe
- MSP Officer Dennis McGuckin
- MSP Officer Aaron Locke
- Genesee County Jail
- Clare County Jail
- Assistant U.S. Attorney Nancy Abraham
- Corporal White, Clare County Jail

- United State Marshals Service

- Michigan State Police

IT IS FURTHER ORDERED that the case may proceed against defendant Nokes. The case may proceed against defendant Webster only if the complaint is amended to include him in the caption.

**SO ORDERED.**

Dated: November 16, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 16, 2023.

**Jammie Collier** #245085
Clare County Jail
255 W. Main St.
Harrison, MI 48625

s/Johnetta M. Curry-Williams
Case Manager

13