UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

      Plaintiff,

v.

DAN BOWLING, *et al.*,

      Defendants.
_____/

Case No. 2:23-cv-11675
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**<u>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE:  (1) FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER (ECF No. 20) OR OTHERWISE RESPOND TO DEFENDANT'S PENDING MOTION (ECF No. 18); and/or (2) AS TO WHY THIS CASE SHOULD NOT BE DISMISSED UNDER FED. R. CIV. P. 41(B) AND E.D. MICH. LR 41.2</u>**

Plaintiff Jammie Collier (#245085), proceeding *in pro per*, initiated this case on July 13, 2023, while he was located at the Clare County Jail (CCJ) in Harrison, Michigan.  (ECF No. 1.)  Although he named several Defendants, the Court has since dismissed all but one.  (ECF Nos. 5, 6, 9.)

This case has been referred for pretrial matters.  (ECF Nos. 11, 14.)  Currently pending before the Court is Defendant Nokes' November 21, 2024 motion for summary judgment (ECF No. 18), as to which Plaintiff's response was due on January 31, 2025 (ECF No. 20).

To date, Plaintiff has not filed a response.  Perhaps that is because, in January 2025, Plaintiff's copy of the order requiring response (ECF No. 20), which had been

mailed to Plaintiff at CCJ, was returned to sender (RTS) and marked "inmate not here." (ECF No. 21.) As Plaintiff was informed earlier in this case, it is his responsibility to notify the Court of any change in address. (ECF No. 4.) Nonetheless, even if the Court had not entered its order requiring a response (ECF No. 20), then Plaintiff's response would have been due on or about December 12, 2024. E.D. Mich. LR 7.1(e)(2)(A).

Defendant's motion is, therefore, unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). However, the Court also notes that Plaintiff has not filed anything in this case since December 5, 2023. (ECF Nos. 6, 7, 8.) Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Accordingly, before expending further judicial resources on this case, **ON OR BEFORE Friday, March 20, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, as to why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to comply with the Court's scheduling order (ECF No. 20) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute. Plaintiff **SHALL** also propose a reasonable and conservative extended deadline for filing a response to

Defendant Nokes' pending motion (ECF No. 18), should the Court choose to permit a response.  **Failure to comply with this Order shall result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2**.

Finally, Plaintiff **SHALL** notify the Court of his current mailing address.  At this point, the Clerk of the Court is **DIRECTED** to mail a copy of this order to CCJ, Plaintiff's address of record, even though this order, too, may be returned as undeliverable; the Court has no other address for Plaintiff.

    IT IS SO ORDERED.[1]

Dated: March 3, 2025

                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

3