UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Plaintiff,

v.

DAN BOWLING, *et al.*,

        Defendants.
_____/

Case No. 2:23-cv-11675
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT NOKES WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b) and E.D. MICH. LR 41.2**

**I.   RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant Nokes without prejudice pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**II.   REPORT:**

Plaintiff Jammie Collier (#245085), proceeding *in pro per*, initiated this case on July 13, 2023, while he was located at the Clare County Jail (CCJ) in Harrison, Michigan. (ECF No. 1.) Although he named several Defendants, the Court has since dismissed all but one. (ECF Nos. 5, 6, 9.)

### A. Order Requiring Response to Defendant Nokes' Motion for Summary Judgment

This case has been referred for pretrial matters. (ECF Nos. 11, 14.) Currently pending before the Court is Defendant Nokes' November 21, 2024 motion for summary judgment (ECF No. 18), as to which Plaintiff's response was due on January 31, 2025 (ECF No. 20).

To date, Plaintiff has not filed a response. Perhaps that is because, in January 2025, Plaintiff's copy of the order requiring response (ECF No. 20), which had been mailed to Plaintiff at CCJ, was returned to sender (RTS) and marked "inmate not here." (ECF No. 21.) As Plaintiff was informed earlier in this case, it is his responsibility to notify the Court of any change in address. (ECF No. 4.) Nonetheless, even if the Court had not entered its order requiring a response (ECF No. 20), then Plaintiff's response would have been due on or about December 12, 2024. E.D. Mich. LR 7.1(e)(2)(A).

### B. Show Cause Order

On March 3, 2025, recognizing that Defendant Nokes' motion (ECF No. 18) was unopposed and further recognizing that Plaintiff had not filed anything in the case since December 5, 2023 (ECF Nos. 6, 7, 8), but before expending further judicial resources on this case, the Court ordered Plaintiff "**TO SHOW CAUSE**, in writing, as to why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for

2

his failure to comply with the Court's scheduling order (ECF No. 20) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute." (ECF No. 22, PageID.133.) Plaintiff was ordered to do so "**ON OR BEFORE Friday, March 20, 2025**[.]" (*Id*.)  The order further stated:  "<u>**Failure to comply with this Order shall result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2**</u>." (*Id*., PageID.134.)

### C. Conclusion

To date – *i.e.*, six days after the March 20, 2025 deadline – Plaintiff has not filed a response to the Court's show cause order (ECF No. 22), and there is no indication on the docket that it was returned as undeliverable. To be sure, the Court's show cause order recognized the apparent vulnerability of CCJ as Plaintiff's address of record (*see* ECF Nos. 21 & ECF No. 22, PageID.134); still, it appears Plaintiff has abandoned this case, as he has not responded to Defendant Nokes' motion for summary judgment (*see* ECF Nos. 18, 20), he has not responded to this Court's show cause order (*see* ECF No. 22), and it has been 477 days since Plaintiff's most-recent filings (*see* ECF Nos. 6, 7, 8).

Accordingly, pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2, the Court should **DISMISS** Plaintiff's claims against Defendant Nokes **WITHOUT PREJUDICE**.

3

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

4

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  March 26, 2025

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE